IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

FAYVUN MANNING,

                    Petitioner,

        v.                                                       CASE NO. 24-3025-JWL

STATE OF KANSAS,

                    Respondent.

**MEMORANDUM AND ORDER**

This matter is a pro se petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 by Petitioner and state prisoner Fayvun Manning. Rule 4 of the Rules Governing § 2254 Cases requires the Court to review a habeas petition upon filing and to dismiss it "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rules Governing § 2254 Cases, Rule 4, 28 U.S.C.A. foll. § 2254. The Court has conducted the required review and, for the reasons set forth below, concludes that this matter must be dismissed for lack of jurisdiction since it is an unauthorized second or successive petition for habeas relief.

Petitioner filed the petition currently before this Court on February 14, 2024. (Doc. 1.) Therein, he asserts four grounds for relief from the sentence imposed[1] for his 1999 aggravated

---

[1] Petitioner utilized the court-approved form for petitions filed pursuant to § 2254. To obtain habeas corpus relief under § 2254, Petitioner must demonstrate that he is "in [State] custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. 2254(a). Thus, when a state prisoner seeks habeas relief in federal court, "a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) (citations omitted). But liberally construing the petition, Petitioner may not intend to challenge his conviction. Rather, he may wish to challenge the execution of his sentence. If this understanding is accurate, Petitioner may wish to seek relief under 28 U.S.C. § 2241, which "'[is] used to attack the execution of a sentence . . . ." *Sandusky v. Goetz*, 944 F.3d 1240, 1246 (10th Cir. 2019). The required form for filing a petition under § 2241 are available at no cost upon request to the clerk of this Court.

battery conviction. *Id.* at 5-12. He points out that these issues were recently raised to and rejected by the Kansas Court of Appeals (KCOA) in the context of a motion to correct illegal sentence under K.S.A. 22-3504. *Id.* at 13.

This is Petitioner's second petition for federal habeas relief under 28 U.S.C. § 2254 challenging his custody under the 1999 state-court conviction of aggravated battery. *See Manning v. Kansas*, 2007 WL 1041767 (D. Kan. April 5, 2007) (unpublished). In April 2007, this Court dismissed the first petition, which was filed in March 2006, with prejudice as untimely. *Id.* at 3. Petitioner did not appeal the dismissal. *See Manning v. Kansas*, Case No. 6-3119-SAC.

Under 28 U.SC. § 2244(b), "the filing of a second or successive § 2254 application is tightly constrained." *Case v. Hatch*, 731 F.3d 1015, 2026 (10th Cir. 2013). Thus, this Court must determine whether the petition now before it is a "second or successive" application for relief under § 2254. It is well established that "the dismissal of a § 2254 petition as time-barred is a decision on the merits for purposes of determining whether a subsequent petition is second or successive." *Shirley v. Davis*, 521 Fed. Appx. 647, 648 n.1 (10th Cir. 2013) (unpublished) (citing *Plaut v. Spendthrift Farm, Inc.*, 514 U.S. 211, 228 (1995), and additional cases). Thus, because Petitioner's prior § 2254 petition challenging his 1999 conviction was dismissed with prejudice as time-barred, his current petition is a second or successive petition.

The Court notes that Petitioner advises that he previously has not raised the claims in the current petition to the federal courts. But whether a petition is second or successive does not turn on a distinction between claims. *See Lancaster v. Bigelow*, 435 Fed. Appx. 773, 775 (10th Cir. July 28, 2011) (unpublished) (characterizing as "mistaken" the argument that "because he is raising new claims, he is not required to obtain circuit-court authorization to file his [third] § 2254 petition"). When determining whether a § 2254 petition is "second or successive," the Court

2

focuses on the state-court judgment under which the petitioner is being held in custody, not the basis for his or her argument that the judgment is unconstitutional. Because both the current petition and the 2006 petition challenge the custody resulting from the 1999 conviction, the current petition is second or successive.

Before a petitioner may proceed in a second or successive application for habeas corpus relief, "the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). Petitioner has not done so. Without authorization from the Tenth Circuit, this Court lacks jurisdiction to consider a second or successive petition. *See Burton v. Stewart*, 549 U.S. 147, 153 (2007).

When a petitioner fails to obtain the required authorization, the federal district court must dismiss the matter or, "if it is in the interest of justice," transfer the petition to the court of appeals for possible authorization. *In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008). To decide whether the interest of justice requires transfer to the Tenth Circuit, the Court considers "whether the claims would be time barred if filed anew in the proper forum, whether the claims alleged are likely to have merit, and whether the claims were filed in good faith." *See id*. The Court has no reason to believe that Petitioner did not file the current habeas petition in good faith. Nevertheless, since the first § 2254 petition challenging Petitioner's 1999 conviction was dismissed as time-barred, it is likely that the present petition—filed more than 15 years later—is also time-barred.[2]

Turning to whether the claims alleged in the current petition are likely to have merit, the

---

[2] The Court recognizes that the KCOA only recently decided the issues contained in the current federal habeas petition. *See Manning v. State*, 2024 WL 302104 (Kan. Ct. App. Jan. 26, 2024) (unpublished). But the timeliness of a § 2254 petition is calculated according to "the judgment causing the habeas applicant's confinement, not merely any decision in the applicant's case." *Verge v. Williams*, 2024 WL 340394 (10th Cir. Jan. 30, 2024) (citing 28 U.S.C. § 2254(a), (b)(1), and *Magwood v. Patterson*, 561 U.S. 320, 332 (2010)). The judgment causing Petitioner's confinement occurred in 1999 and the recent KCOA ruling did not result in a new judgment that caused the confinement. Thus, the recent ruling by the KCOA does not restart the clock for the timeliness calculation for this federal habeas petition.

Court notes that Petitioner advises that he has never before raised the current claims to a federal court. (Doc. 1, p. 11.) The relevant federal statute provides:

> A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless—
>
> **(A)** the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> **(B)(i)** the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> **(ii)** the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2)

There is no indication in the current petition that any of these circumstances exist, so it is likely that even if Petitioner was authorized to proceed with this second or successive petition, his claims would be dismissed under 28 U.S.C. § 2244(b)(2). For all these reasons, the Court concludes that the interest of justice does not require transfer of this petition to the Tenth Circuit. The Court will instead dismiss this matter without prejudice for lack of jurisdiction. If Petitioner wishes, he may independently apply to the Tenth Circuit for authorization to proceed with this petition.

## Certificate of Appealability

Under Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, "the district court must issue or deny a certificate of appealability [(COA)] when it enters a final order adverse to the applicant."

> When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when

4

the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The failure to satisfy either prong requires the denial of a COA. *Id.* at 485. The Court concludes that its procedural ruling in this matter is not subject to debate among jurists of reason. Therefore, the Court declines to issue a certificate of appealability.

**IT IS THEREFORE ORDERED** that this matter is **dismissed without prejudice** as an unauthorized successive petition under 28 U.S.C. § 2254, which the Court lacks jurisdiction to consider. No certificate of appealability will issue.

**IT IS SO ORDERED.**

DATED:   This 15th day of February, 2024, at Kansas City, Kansas.

S/ John W. Lungstrum
JOHN W. LUNGSTRUM
United States District Judge
